UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CURTIS BOX, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No.  1:16-CV-1299-JBM |
| JEFFREY KRUEGER, | ) ) ) |
| Respondent. | ) |

ORDER & OPINION

This matter is before the Court on Petitioner Curtis Box's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). For the reasons stated below, the Petition is granted.

BACKGROUND AND PROCEDURAL HISTORY[1]

In August 2008, Petitioner pleaded guilty to possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The court determined that Petitioner was an armed career criminal under 18 U.S.C. § 924(e) ("ACCA"). The court found that Petitioner had the following three prior violent felony convictions: 1) a 1985 conviction for general burglary in Winnebago County, Illinois; 2) a 1994 conviction for residential burglary in Winnebago County, Illinois; and 3) a 2001 conviction for aggravated battery in Kane County, Illinois. The court sentenced Petitioner to a 190 month term of imprisonment. Without the armed career criminal qualification,

---

[1] Unless otherwise indicated, all facts are taken from Respondent's Response to Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 2).

Petitioner would have faced a maximum term of ten years imprisonment. 18 U.S.C. § 924(a)(2).

In 2015, Petitioner filed a motion to reduce his sentence pursuant to 28 U.S.C. § 2255. *United States v. Box*, No. 3:15-cv-50231 (N.D. Ill. Sep. 24, 2015). Petitioner argued that after *Johnson v United States,* 135 S. Ct. 2551 (2015), neither his burglary nor his aggravated assault convictions were violent felonies under the ACCA. The court denied Petitioner's motion, because it found that *Johnson* did not affect the determination of Petitioner's previous convictions as violent felonies. The court found that Petitioner's burglary convictions were enumerated offenses under § 924(e)(2)(B)(ii). The court also found that Petitioner's aggravated assault was a violent felony under the force clause of § 924(e)(2)(B)(i). The United States Court of Appeals for the Seventh Circuit denied Petitioner's application for a certificate of appealability. *Box v. United States*, No. 16-1194 (7th Cir. Apr. 1, 2016).

In June 2016, Petitioner filed an application with the Seventh Circuit for permission to file a second or successive motion to vacate his sentence under § 2255 based on *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Box v. United States*, No. 16-2546 (7th Cir. July 20, 2016). The Seventh Circuit denied authorization and explained that *Mathis* was a case of statutory interpretation; therefore Plaintiff must seek *Mathis* relief pursuant to 28 U.S.C. § 2241. *Id.*

Petitioner filed this present § 2241 challenging the validity of his sentence after *Mathis*. In *Mathis*, the Supreme Court found that an Iowa burglary conviction was not a predicate offense under the ACCA because the Iowa burglary statute was overly broad compared to the generic burglary statute. 136 S. Ct. at 2243. Petitioner

argues that his Illinois general conviction is similarly overbroad and can no longer qualify as a predicate offense. (Doc. 1 at 12-14). The government agrees that his Illinois general burglary no longer qualifies as a predicate offense and urges the Court to grant Petitioner's § 2241 Petition. (Doc. 2 at 3; Doc. 3 at 2).

### LEGAL STANDARDS

Petitioner is challenging the validity of the sentence imposed by the district court, and therefore would ordinarily be required to bring his claim as a § 2255 motion rather than a § 2241 petition. *See Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) ("28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement."); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). He may only petition under 28 U.S.C. § 2241 if the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (which is often referred to as "the Savings Clause").

In *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), the Seventh Circuit held that collateral relief is available to a federal prisoner under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Id.* at 611. A federal prisoner must meet three criteria in order to invoke the Savings Clause and obtain collateral relief pursuant to § 2241. First, a prisoner "must show that he relies on a [new] statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have

3

invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).[2]

### DISCUSSION

Petitioner meets all the *Davenport* requirements to prove that a § 2255 motion is an inadequate or ineffective test to the legality of his sentence and may bring a petition under § 2241. Because his general burglary conviction no longer qualifies as a predicate act, the Court grants Petitioner's Petition for Writ of Habeas Corpus.

Petitioner meets the first requirement because his Petition relies on the Supreme Court's decision in *Mathis*, which is one of statutory interpretation, not constitutional analysis. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016). In *Mathis*, the Supreme Court found that Iowa's burglary statute applied to a broader range of locations than a generic burglary statute would. *Mathis*, 136 S. Ct. at 2250. The United States Court of Appeals for the Seventh Circuit has recently found that Illinois's generic burglary statute[3] is similarly overbroad. *United States v. Haney*, No. 16-1513, 2016 WL 6298695, at *2 (7th Cir. Oct. 27, 2016). Because these cases revolve around statutory interpretation, Petitioner meets the first *Davenport* requirement.

---

[2] The mere fact that Petitioner's claim would be a second or successive § 2255 motion does not render § 2255 inadequate or ineffective. *See Davenport*, 147 F.3d at 609-10. Nor does the fact that a previous § 2255 motion was denied. *Stirone v. Markley*, 345 F.2d 473, 474 (7th Cir. 1965).

[3] Petitioner's prior conviction was for general burglary in 1985. Illinois's 1985 general burglary statute is materially identical to the 1973 general burglary statute in *Haney*. *Compare* 38 Ill. Comp. Stat. § 19-1 (1985) *with* 38 Ill. Comp. Stat. § 19-1 (1973).

Petitioner meets the retroactivity requirement because Respondent waives any argument against such. In their Response, Respondent stated that they "waive any argument we may have that *Mathis* did not establish a new rule that applies retroactively on collateral review or that Box could have invoked the rule in an earlier proceeding." (Doc. 5 at 5). Respondent's waiver of this issue allows the Court to rule on the Petition. *Hicks v. Stancil*, 642 F. App'x 620, 620-21 (7th Cir. 2016) (allowing a defendant to bring a § 2241 motion because the government waived any argument that defendant must prove that a § 2255 motion would be inadequate); *see also Brown v. Rios*, 696 F.3d 638, 640-41 (7th Cir. 2012) (finding that the court did not need to determine whether the sentencing errors could be corrected in a habeas corpus proceeding further because the government conceded the issue); *Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005) (finding that § 2255(e) does not diminish the court's subject-matter jurisdiction, because §§ 2241 and 2255 are remedial statutes, not jurisdictional).

Lastly, Petitioner meets the requirement that a great miscarriage of justice occurred during his sentencing. Because of his qualification as an armed career criminal, Petitioner is serving a sentence of 190 months imprisonment. However, after *Mathis* and *Haney*, it is clear that Petitioner's general burglary conviction is not a proper predicate offense under the ACCA. Without the armed career criminal enhancement, Petitioner would have faced a maximum sentence of 120 months imprisonment. Therefore, Petitioner is serving a sentence that exceeds the maximum sentence he could have faced for violating 18 U.S.C. § 922(g). This satisfies the requirement that a great miscarriage of justice occurred. *Brown*, 696 F.3d at 640-41;

*see also Narvaez v. United States*, 674 F.3d 621, 629 (7th Cir. 2011) (explaining that the incorrect imposition of a career offender status is a miscarriage of justice).

Because a violation of the Illinois general burglary statute no longer qualifies as a predicate offense under the ACCA, Petitioner should not have been sentenced as an armed career criminal. Therefore, the Court grants his Petition for Writ of Habeas Corpus and vacates his sentence for resentencing without the career offender enhancement.

## CONCLUSION

IT IS THEREFORE ORDERED:

1) Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is GRANTED;

2) Petitioner's armed career criminal enhanced sentence imposed by the Northern District of Illinois in No. 3:08-cr-50031-1 is VACATED;

3) Respondent SHALL deliver Petitioner to Northern District of Illinois for resentencing;

4) Respondent SHALL release Petitioner from custody if he is not resentenced within 90 days;

5) The Clerk is DIRECTED to enter Final Judgment hereon;

6) The Clerk is DIRECTED to send copies of this Order to Petitioner; Respondent; United States District Court of the Northern District of Illinois; and the Clerk of the United States District Court for the Northern District of Illinois for filing in No. 3:08-cr-50031-1.

Entered this _10th__ day of November, 2016.

                                                                                    s/ Joe B. McDade
                                                                                    JOE BILLY McDADE
                                                  United States Senior District Judge